EBEL, Circuit Judge,
dissenting.
I must respectfully dissent. It is my judgment that paragraph 3.2 of the Purchase Agreement prevails. I believe that paragraph 3.6 was a special purpose paragraph drafted only to cover a specific situation that the parties had in mind when a hazardous substance exposure “occurred both before and after the date of closing.” (Emphasis added.) I see nothing absurd in applying paragraph 3.6 to that specific situation, while applying the more general indemnity provision of paragraph 3.2 to all other claims, such as the claim before us.
Further, I do not believe that paragraph 3.2 is limited only to situations involving Texaco’s negligence. To the contrary, paragraph 3.2, by its own words, applies more broadly to “actions that Texaco took, or failed to take” (emphasis added), rather than simply to negligent actions.
Because I believe that paragraph 3.2 of the Purchase Agreement explicitly covers this situation, I do not believe that Texaco can rely on any implied indemnification under Oklahoma’s common law.
For these reasons, I would reverse and remand for further proceedings.